IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PHOUPHET SAYASANE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:22-CV-154-Z |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY RELIEF**

Petitioner, Phouphet Sayasane, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by a person in federal custody. Having considered the motion, the response, the record, and applicable authorities, the undersigned concludes that relief should be DENIED.

**BACKGROUND**

The record in the underlying criminal case, No. 2:18-CR-095-Z, reflects the following:

On September 27, 2018, Petitioner was named in a sixteen-count indictment charging him in counts one and two with conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of AB-CHMINACA, 5F-ADB (also known as 5F-MDMB-PINACA), 5F-AMB, and ADB-FUBINACA, in violation of 21 U.S.C. § 846, in count three with possession with intent to distribute a mixture and substance containing a detectable amount of 5F-ADB (also known as 5F-MDMB-PINACA), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in count seven with distribution and possession with intent to distribute a mixture and substance containing a detectable amount of 5F-ADB (also known as 5F-MDMB-PINACA), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in count thirteen with distribution and possession with intent to distribute a mixture and substance containing a detectable

amount of 5F-AMB, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and in count fourteen with distribution and possession with intent to distribute a mixture and substance containing a detectable amount of 5F-ADB (also known as 5F-MDMB-PINACA), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (CR ECF 3).

Petitioner and his counsel signed a plea agreement pursuant to which Petitioner agreed to waive his right to appeal or otherwise challenge his sentence except in certain limited circumstances not applicable here. (CR ECF 255). They also signed a factual resume, which set forth the elements of the offense charged in count seven of the indictment and the stipulated facts establishing that Petitioner had committed that offense. (CR ECF 256). On January 1, 2022, Petitioner entered his plea of guilty to count seven. (CR ECF 269). He testified under oath at rearraignment that: He had read, understood, and discussed the indictment and his plea agreement with his counsel; he was pleading guilty of his own free will and not because of any promises or threats; he understood that he faced a maximum term of imprisonment of 20 years; he was fully satisfied with his counsel and with the advice given; he understood that his sentence was wholly within the discretion of the district judge; he understood that he was waiving his right to appeal except in limited circumstances; he had read, understood, and signed the factual resume and everything in it was true and correct. (CR ECF 341). The undersigned found that the plea was knowing and voluntary and supported by a factual basis, telling Petitioner that she would issue a report and recommendation that the district judge accept the plea, advising Petitioner that he would have fourteen days to object to that recommendation. (*Id.* at 19–20). The report and recommendation was issued (CR ECF 271), no objections were filed, and the district judge accepted the guilty plea. (CR ECF 273).

The probation officer prepared the presentence report ("PSR"), which reflected that

Petitioner had a base offense level of 26. (CR ECF 299, ¶ 133). He received two-level enhancements for possession of a dangerous weapon, (*id.* ¶ 134), and for maintaining a drug premises. (*Id.* ¶ 135). He received a four-level adjustment for role in the offense as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. (*Id.* ¶ 137). He received a two-level and a one-level reduction for acceptance of responsibility. (*Id.* ¶¶ 141, 142). Based on a total offense level of 31 and a criminal history category of IV, the guideline imprisonment range was 151 to 188 months. (*Id.* ¶ 201). Petitioner filed objections, (CR ECF 302), and the probation officer filed an extensive addendum to the PSR. (CR ECF 304). Petitioner again filed objections. (CR ECF 309).

On May 27, 2020, the Court sentenced Petitioner to a term of imprisonment of 151 months, overruling his objections to the PSR. (CR ECF 329; CR ECF 342). In particular, the Court found that Petitioner was clearly a leader, manager, or organizer of a criminal association or conspiracy under USSG 3B1.1. (CR ECF 342 at 51–52). Petitioner appealed and his counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), which was granted. *United States v. Sayasane*, 839 F. App'x 905 (5th Cir. 2021).

## GROUNDS OF THE MOTION

Petitioner sets forth two grounds in support of his motion. He alleges that he received ineffective assistance of counsel because (1) his attorney did not advise him that he could withdraw his plea for any reason or for no reason before it was accepted, and (2) his counsel erroneously advised him that the government would not argue for a leadership enhancement if he pled guilty. (ECF 1 at 4–5).

**STANDARDS OF REVIEW**

    **A.  28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    **B.  Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); see also *Missouri*

*v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; see also *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## **ANALYSIS**

The entry of a guilty plea waives all nonjurisdictional defects in the proceedings, including all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Here, Petitioner does not assert that his guilty plea was not knowing and voluntary; thus, the grounds of his motion are waived. Even had he made such assertion, he could not prevail.

Any contention that the plea was not knowing, intelligent, and voluntary is belied by the record. Petitioner testified under oath that he understood the elements of the crime to which he was pleading guilty and that he had committed them. Further, he understood the penalties he faced. And, no one had forced or threatened him in any way to induce his plea. As he testified, he was

"pleading guilty voluntarily and of [his] own free will because [he was] guilty." (CR ECF 341 at 10). No one had made any prediction or promise as to what his sentence would be. (*Id.* at 14). He had discussed the guidelines with his counsel and he understood that counsel could not promise or guarantee how the district judge might apply them. (*Id.* at 16). Petitioner's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement are entitled to the same presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985). His plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

At no time did Petitioner seek to withdraw his plea of guilty. Nor does the record support his conclusory allegations that he was hesitant to enter a guilty plea or that he believed at any time that he should withdraw his plea. (ECF 1 at 4, 5). The allegations are at odds with his behavior at the sentencing hearing when he went out of his way to express his gratitude to his counsel:

> **THE DEFENDANT:** Can I say something to my attorney?
>
> **THE COURT:** Yes, please do.
>
> **THE DEFENDANT:** Deep thanks to you, Bonnie, and your office staff who spent endless hour[s] researching my case and tireless effort going over my discovery. Word is not enough to express how much I appreciate you for going above and beyond your duty to make sure that my due process right are not violated and to make sure that I was treated fairly.
> I want the world to know I'm honored and blessed to have you as my counsel. Your hard work will not go unnoticed. I plan to repay you back for your kindness in the future. As for now, I want to say thank you. This world would be a better place with more people like you.
>
> **THE COURT:** Thank you, sir. At this time—and the Court will take judicial notice of Defense Counsel's capable and effective representation in this case. This is a lengthy investigation involving voluminous discovery, and I think Defense Counsel did an excellent job of presenting information to the Court in the form of written objections and sentencing memoranda . . . .

(CR ECF 342 at 62). Petitioner's *ipse dixit* that but for counsel's misadvice he would have insisted on going to trial (ECF 1 at 5) is insufficient to afford him any relief. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion of Petitioner, Phouphet Sayasane, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on August 31, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).